UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

LOURDES B. HAMMOND

          Plaintiff,

  -against-

AMERICAN BUSINESS MORTGAGE
SERVICES, INC.,

          Defendant.

------------------------------------------------------------x

**MEMORANDUM & ORDER**

Case No. 03 CV 5021 (FB) (*LB*)

*Appearances:*
*For the Plaintiff:*
LOURDES B. HAMMOND
*Pro Se*
390 Georgia Avenue
Brooklyn, New York 11207

*For the Defendant:*
ANDREW P. TUREAUD, ESQ.
Hicker, Colasurdo & Segall PC
108 Corporate Park Drive, Suite 215
White Plains, NY 10604

**BLOCK, District Judge:**

    *Pro se* plaintiff, Lourdes B. Hammond ("Hammond"), filed an Amended Complaint on August 10, 2004 against defendant, American Business Mortgage Services, Inc. ("ABMS"), to quiet title to property at 246-250 Sumpter Street, Brooklyn, New York, pursuant to Article 15 of New York Real Property Actions & Proceedings Law ("RPAPL"). ABMS moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.[1] Hammond's Amended Complaint is dismissed because ABMS no longer has

---

[1] The Court notes that the Court previously provided Hammond with a Local Rule 56.2 statement, explaining the summary judgment standard and the consequences of the granting of summary judgment.

an interest in the mortgage.[2]

## I.

In support of its motion for summary judgment, ABMS asserted the following facts. On August 28, 1998, Hammond and her husband, Kevin Hammond, who is not a party to this litigation, executed a note agreeing to pay $75,600 plus interest to New Jersey Mortgage and Investment Company, which is now ABMS. *See* Andrew Tureaud Aff. ¶ 14 & Ex. D (attaching a copy of the note). As security for the note, Kevin Hammond executed a mortgage for $75,600 against the premises located at 246-250 Sumpter Street and attached a certificate of acknowledgment to the mortgage.[3] *See id.* ¶ 15 & Ex. E (attaching a copy of the mortgage). On March 25, 2003, the Hammonds failed to make the monthly payment required by the terms of the note, and thereafter, ABMS instituted a foreclosure action against them. *See id.* ¶¶ 17-18.

In an affirmation in opposition to the motion for summary judgment, Hammond avers (1) that "[t]he authenticity, authority, signatures of the alleged [note and

---

[2] ABMS has advised the Court that it filed for bankruptcy and thus is entitled to an automatic stay of all judicial proceedings against it, pursuant to 11 U.S.C. § 362. *See* Letter from Andrew P. Tureaud (June 9, 2005). The stay however only "continues until [the] property is no longer property of the estate"; because ABMS no longer has an interest in the property at issue, the automatic stay does not extend to this proceeding. *See also Chase Manhattan Bank, N.A. v. Celotex Corp.*, 852 F. Supp. 226, 228 (S.D.N.Y. 1994) ("[U]nilateral dismissal of a claim against a bankrupt . . assists rather than interferes with the goals of Chapter 11 . . . .").

[3] A certificate of acknowledgment is "[a] formal declaration made in the presence of an authorized officer, such as a notary public, by someone who signs a document and confirms the signature is authentic." Black's Law Dictionary 24, 239 (8th ed. 2004).

mortgage provided by ABMS] are denied as being true"; and (2) that ABMS "has relinquished all interest in the subject property." *See* Hammond Aff. ¶¶ 5, 9. In support of the latter, she attached a notice from C.O.S.H. Group, Inc. ("C.O.S.H."), which states that, as of June 8, 2004, the mortgage on the subject property had been assigned by ABMS to C.O.S.H. *See id.*, Ex. 2. Counsel for ABMS represented in open court on June 27, 2005 that the mortgage was indeed assigned to C.O.S.H and did not dispute the date of the assignment.

## II.

Because ABMS transferred the mortgage to C.O.S.H. prior to the date that Hammond filed the Amended Complaint, ABMS no longer has an interest in the property and thus, the Amended Complaint must be dismissed. *See McGahey v. Topping*, 682 N.Y.S.2d 223 (2d Dep't 1998) ("Predecessors in title who claim no interest in the property are neither necessary nor proper parties to an action to quiet title." (citations omitted)).

Even if the mortgage had not been transferred, the Court would have granted summary judgment in favor of ABMS. It is well-established that "[a] certificate of acknowledgment attached to an instrument raises a presumption of due execution which may be rebutted only after being weighed against evidence which shows that the subject instrument was not duly executed." *Washington Mut. Home Loans, Inc. v. Rueda*, 783 N.Y.S.2d 828, 828 (2d Dep't 2004) (citations and quotations omitted). Hammond's unsupported claim that the mortgage is not authentic is not sufficient to overcome this presumption. *See id.* ("[A] certificate of acknowledgment should not be overthrown upon

3

evidence of a doubtful character, such as the unsupported testimony of interested witnesses, nor upon a bare preponderance of evidence, but only on proof so clear and convincing as to amount to a moral certainty." (citations and quotations omitted)).

## CONCLUSION

Hammond's Amended Complaint is dismissed.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Dated: June 27, 2005
      Brooklyn, New York